UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

UNITED STATES ex rel. RUSSELL K. HILL,

                Plaintiff,

    -against-                            5:17-CV-684 (LEK/TWD)

SEALED DEFENDANT ONE, *et al.*,

                Defendants.

## <u>DECISION AND ORDER</u>

**I.    INTRODUCTION**

This matter comes before the Court following a Report-Recommendation filed on July 7, 2017, by the Honorable Thérèse Wiley Dancks, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 5 ("Report-Recommendation"). Pro se plaintiff Russell K. Hill timely filed Objections. Dkt. Nos. 7 ("Objections").

**II.    LEGAL STANDARD**

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008), overruled on other grounds by Widomski v. State Univ. of N.Y. (SUNY) at Orange, 748 F.3d 471 (2d Cir.

2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." (quoting Howell v. Port Chester Police Station, No. 09-CV-1651, 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010))). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

### III. DISCUSSION

Hill argues that the Court should reject Judge Dancks's Report-Recommendation because she "failed to distinguish between published and unpublished opinions." Objs. at 1. Even if that were the case, it would not matter, for dismissal is mandated by a *published* Second Circuit opinion, United States ex rel. Mergent Services v. Flaherty, 540 F.3d 89 (2d Cir. 2008). There, the court held that pro se plaintiffs cannot bring False Claims Act qui tam actions. Id. at 90. Hill is attempting to do just that. Thus, Judge Dancks was correct to recommend dismissal of his complaint. Rep.-Rec. at 5. The remainder of Hill's Objections boil down to a disagreement with the reasoning of the Flaherty court. Objs. at 2–5. Hill's arguments miss the mark, because "it is axiomatic that a district court cannot simply take a position contrary to that of its circuit court." United States v. Russotti, 780 F. Supp. 128, 131 (S.D.N.Y. 1991). Since this Court is bound to follow Flaherty, it adopts Judge Dancks's Report-Recommendation in its entirety.

### IV. CONCLUSION

Accordingly, it is hereby:

  **ORDERED**, that the Report-Recommendation (Dkt. No. 5) is **APPROVED and ADOPTED in its entirety**; and it is further

  **ORDERED**, that Hill's complaint (Dkt. No. 1) is **DISMISSED without prejudice**; and it is further

  **ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on Hill in accordance with the Local Rules.

  **IT IS SO ORDERED.**

DATED:  August 28, 2017
      Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge